

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>DEAN M. HARRIS,<br><br>            Debtor. | BAP No.    CC-21-1128-FLG<br><br>Bk. No.    2:21-bk-10152-ER |
| DEAN M. HARRIS,<br>          Appellant,<br>v.<br>CRYSTAL HOLMES,<br>          Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Ernest M. Robles, Bankruptcy Judge, Presiding

Before: FARIS, LAFFERTY,[**] and GAN, Bankruptcy Judges.

Rosalina Harris is a detective in the Los Angeles County Sheriff's

Department. She had a long-running dispute with her neighbor, appellee

Crystal Holmes. She abused her position as a law enforcement officer to

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[**] Judge Taylor originally heard oral argument in this case. Before the Panel rendered its decision, Judge Lafferty replaced Judge Taylor on the Panel. Judge Lafferty has reviewed the oral argument, the parties' filings, and the record on appeal. Judge Taylor did not participate in this decision.

cause the wrongful arrest of Ms. Holmes. A district court jury found that Detective Harris had violated Ms. Holmes' civil rights and awarded more than $3 million in damages, including $1.5 million of punitive damages.

Ms. Holmes took steps in the district court to enforce her judgment against the Harrises' property. Hoping to stymie this effort, Detective Harris and her husband, chapter 7[1] debtor Dean M. Harris, filed successive bankruptcy cases. The bankruptcy court dismissed Detective Harris' case and granted relief from the automatic stay in Mr. Harris' case to allow the district court to decide Ms. Holmes' motion to sell the Harrises' property.

The district court held that Mr. Harris was not entitled to the California homestead exemption and allowed the sale of the residence. Ms. Holmes was the successful bidder at auction. The Harrises appealed the district court's order to the Ninth Circuit.

In the meantime, Mr. Harris also claimed a homestead exemption in his bankruptcy case. Ms. Holmes objected, arguing that the district court had already decided that Mr. Harris could not claim the homestead exemption. The bankruptcy court agreed. Mr. Harris appealed the bankruptcy court's order to this Panel.

The Ninth Circuit has recently affirmed the district court's order. The Ninth Circuit ruled that the Harrises had failed to establish that they were entitled to any homestead exemption and rejected the Harrises' arguments

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

based on § 522. *Holmes v. Harris*, Case No. 21-55330, 2022 WL 1198204 (9th Cir. Apr. 22, 2022).

The Ninth Circuit's affirmance of the district court's order effectively rejects all of Mr. Harris' objections to the bankruptcy court's order. We could not grant any of the relief that Mr. Harris requests without contradicting the Ninth Circuit's decision. Therefore, we AFFIRM.